In the Matter of the Application of MILTON NORRIS BEASLEY for a Writ of Habeas Corpus.

MILTON NORRIS BEASLEY, Appellant, v. RALPH LAMB, Sheriff of Clark County, Nevada, Respondent.

No. 4546

February 11, 1963                                378 P.2d 524

*Drake DeLanoy,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; *Edward G. Marshall,* Clark County District Attorney, *William S. Barker* and *Kaye Richey,* Deputy District Attorneys, Clark County, Las Vegas, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

At 6:00 a. m. on August 11, 1961, William Greene was found dead in the front seat of a parked Pontiac car in Las Vegas. He had been shot twice in the head. Either bullet was totally disabling, thus causing the pathologist to exclude suicide. Death was estimated to have occurred between 8:30 p. m. of August 10, 1961 and 12:30 a. m. of August 11, 1961. Subsequently a criminal complaint was filed, charging the appellant Beasley and four others (Harris, Patterson, Valrie and Black) with the murder of Greene. After a preliminary hearing all except Black were held to answer in the district court. Beasley thereafter petitioned that court for a writ of habeas corpus, which was denied. He has appealed from the order of denial.

NRS 171.455 requires the magistrate to order an accused held to answer if it appears from the preliminary examination "that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof." In this case, sufficient proof of the corpus delicti of the crime, i.e., the fact of death and the criminal agency of another causing death, Sefton v. State, 72 Nev. 106, 295 P.2d 385; State v. Fouquette, 67 Nev. 505, 221 P.2d 404, is admitted. Hence, the sole question posed for our determination is whether the evidence received as to Beasley provides "sufficient cause" to believe him guilty of the offense charged. In making this determination it is not our function, nor was it the function of the magistrate at the preliminary hearing, or the district court upon the habeas corpus proceeding, to pass upon the sufficiency of the evidence to justify conviction. State v. Fuchs, 78 Nev. 63, 368 P.2d 869. Nor do the words "sufficient cause," as employed in the statute, require the state to negate all inferences which might excuse or explain the accused's conduct. Goldblatt v. Harris, 74 Nev. 74, 322 P.2d 902. If the evidence produced will support a reasonable inference that Beasley either killed Greene, or aided and abetted another who did so, NRS 195.020, sufficient cause to order him to answer is shown. With these preliminary observations in mind, we turn to the evidence.

Before his death Greene had, from time to time, been employed as an informer to the Federal Bureau of Narcotics. In that capacity he had purchased narcotics from the defendants Harris, Patterson and Valrie. As a consequence, those defendants were indicted in the spring of 1961 for violation of the federal narcotics laws. Presumably Greene, but for his intervening death, would have been a witness in the scheduled trial or trials of Harrison, Patterson and Valrie.

During the last part of July 1961, Beasley purchased a small gun from a woman in Oakland, California. During the first few days of August 1961 he drove a white Chrysler car, in company with another woman, to Los Angeles. During the trip the woman inquired about the

gun and was told that he "would use it to get some money." While in Los Angeles Beasley met and spoke with Harris, Patterson and Valrie. He returned to Oakland and on August 6, 1961, advised his woman companion that he was going to Los Angeles and then to Las Vegas and would return on August 10. On August 7, he registered at the Carver House in Las Vegas and asked if Greene was in town. He was told that Greene was in town. On August 10 at 9:30 p. m. at the Carver House keno lounge he told another woman "he didn't think he would be back to the Carver House, but what he was going to do, this was the way he made his money." One-half hour later a witness observed two cars parked in front of her home, the first one a Pontiac, and a white car behind. A heavy-set person got out of the rear car. Two shots were heard. The white car was driven away. The fingerprints of Beasley were found inside the Pontiac on the glove compartment, as well as on the outside left front and right rear doors of that car. He is a heavy-set person. The foregoing recital comprises the evidence offered during the preliminary hearing as to Beasley. In our view it supports a reasonable inference (as distinguished from proof beyond a reasonable doubt) that Beasley either killed Greene or aided and abetted the person who did so. We therefore conclude that legal evidence establishing "sufficient cause" was presented and that it was proper that he be held to answer in the district court. In such circumstances he is not unlawfully restrained of his liberty.[1]

Affirmed.

BADT, C. J., and McNAMEE, J., concur.

---

[1]The briefs and oral argument devoted much attention to the rule of law that an accused may not be held to answer on the uncorroborated testimony of an accomplice. NRS 175.265; Ex parte Sullivan, 71 Nev. 90, 280 P.2d 965; Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589. The testimony which appellant claims to be within the mentioned rule (which testimony is not set forth in our opinion) was not given by an accomplice—rather, it was related by a third person with whom codefendants of Beasley had conversed, and was received to support the state's theory that such codefendants were implicated in the homicide as principals. NRS 195.020. We have not considered such testimony in ruling on this appeal.