BEAUFORD JOHNSON, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 5141
September 30, 1966        418 P.2d 495

*Leonard P. Root,* of Hawthorne, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *Leonard Blaisdell,* District Attorney, Mineral County, for Respondent.

**OPINION**

By the Court, COLLINS, J.:

This is an appeal from the order of the Fifth Judicial District Court of Nevada, Honorable Peter Breen, district judge, denying appellant's discharge on a writ of

habeas corpus. In seeking the writ from the district court appellant contended he was unlawfully held because there was insufficient evidence presented at the preliminary hearing to constitute probable cause, and that the justice of peace had precluded appellant's counsel from cross-examining a witness for the state.

Appeal to this court includes additional grounds not urged to the trial court that the transcript of the preliminary hearing had been edited and did not reflect the true record of proceedings; further that a delay of 22 days between arrest and appointment of counsel violated appellant's right under the decision of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Neither ground has merit. Appellant made no motion either to the magistrate or the district court to "correct the transcript to conform with the testimony as given and to settle the transcript so altered." NRS 171.-405(7). We state in State v. Collyer, 17 Nev. 275, 279 (1883), "If a wrong has been committed the law intends that the party injured shall have a remedy; but where it provides the manner in which relief shall be given, the path pointed out should be followed."

The Miranda decision, supra, deals with incriminating statements offered against a defendant, not delay between arrest and appointment of counsel. The record fails to reveal that any such self-incriminating statements obtained from appellant while in custody were even offered.

The record indicates appellant was arrested for violation of NRS 205.272.[1] Four persons testified at the preliminary examination, Curtis H. Cline, Gerard H. Wilson, Wilfred Kinerson and August Huffman Hays. Mr.

---

[1] "205.272 Unlawful taking of vehicles; penalties.

"1. Any person who shall drive or take a vehicle as defined in NRS 482.135, not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner of his title to or possession of such vehicle, with or without intent to steal the same, shall be guilty of a felony.

"2. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of

Cline testified no one, except employees, was authorized to use the truck and that appellant was not an employee. Mr. Wilson testified he observed appellant driving the truck and when asked if he had permission to use it, appellant responded he knew Mr. Cline and so he just took it. Mr. Kinerson said he also saw appellant in the truck. To commit a defendant for trial, the state is not required to negate all inferences which might explain the accused's conduct, but only to present enough evidence so as to support a reasonable inference that the accused committed the offense. Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963).

The second point of appellant came about during cross-examination of Mr. Kinerson. The record reflects the following:

By Mr. Root: "Q. Have you ever been arrested? A. Yes. Q. What for? Mr. Blaisdell: Objection, it has no bearing. The Court: Sustained. Mr. Root: I can ask this man questions going to his credibility. I can ask him any question I want. The Court: The objection has been sustained. Confine yourself at the points at issue. Mr. Root: Unless you permit me to test the credibility of this witness I can't cross examine him. The Court: I don't see where it is necessary. Mr. Root: I'll end my cross examination right there. No further questions."

Appellant contends he was denied the right of confrontation of the witness, in violation of the Sixth Amendment of the United States Constitution made applicable to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065 (1965). That case is not in point. Here, the defendant confronted the witness. The issue is not one of confrontation. Rather, it is whether the magistrate ruled correctly in precluding the witness' answer to the question, "Have you ever been arrested?"

such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person.

"3. Any person who assists in, or is a party to or an accomplice in, any such unauthorized taking or driving shall also be guilty of a gross misdemeanor or, if previously convicted of so assisting or being a party or accomplice, shall be guilty of a felony."

A witness' credibility may be attacked by showing his conviction of a felony but not by mere arrest. NRS 48.020.[2] It has also been held in State v. Huff, 11 Nev. 17 (1876) : "[N]o legitimate inference of the untruthfulness of a witness can be drawn from the fact that he has been convicted of frequent assaults and batteries." The magistrate's action in sustaining the objection was correct. Counsel for appellant then refused to pursue further cross-examination.

Judgment sustained.

THOMPSON, J., and ZENOFF, D. J., concur.

---

[2]"NRS 48.020. No person shall be disqualified as a witness in any action or proceeding on account of his opinions on matters of religious belief, or by reason of his conviction of felony, but such conviction may be shown for the purpose of affecting his credibility, and the jury are to be the exclusive judges of his credibility, * * *."