JUNIOR GLEN FARRELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 5016

January 3, 1967                    421 P.2d 948

*Tad Porter,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, and *Monte J. Morris,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This is an appeal from an order of the district court denying appellant's discharge on habeas corpus. We affirm the trial court's ruling.

Appellant urged to the trial court and here insufficiency of evidence to require him to stand trial. He was charged with violation of NRS 201.230,[1] a felony. The magistrate, after a preliminary examination, at which appellant was represented by counsel, found a public offense had been committed, and sufficient cause to believe appellant guilty thereof and bound him over to the district court for trial.

At the preliminary examination the child was called as a witness. In summary she testified she was invited into appellant's house, given candy and taken into a bedroom. She further stated appellant put his hand into her panties, at least twice and maybe three times. Appellant then gave her two nickels and indicated the matter was to be a secret between them.

---

[1]"201.230 Lewdness with child under 14 years; penalty; conditions for parole, probation.

"1. Any person who shall willfully and lewdly commit any lewd or lascivious act, other than acts constituting the crime of rape and the infamous crime against nature, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony.

"2. For the violation of any of the provisions of this section, the trial judge shall fix, specifically, a determinate sentence of the person convicted, which shall, in each case, consist of imprisonment in the state prison for not less than 5 years nor more than 10 years.

"3. No person convicted of violating any of the provisions of subsection 1 of this section may be:

"(a) Paroled unless a board consisting of the superintendent of the Nevada state hospital, the warden of the Nevada state prison and a physician authorized to practice medicine in Nevada who is also a qualified psychiatrist certify that such person was under observation while confined in the state prison and is not a menace to the health, safety or morals of others.

"(b) Released on probation unless a psychiatrist licensed to practice medicine in the State of Nevada certifies that such person is not a menace to the health, safety or morals of others."

Appellant, when interrogated by a detective of the Las Vegas Police Department, apparently without objection, admitted the child had been invited into his home and given candy on the day in question. He further admitted he stooped over to tie his shoelace and may have accidentally rubbed against her private parts.

This in substance was the evidence before the magistrate upon which he bound appellant over to the trial court. We said in Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963), the state is required only to present enough evidence so as to support a reasonable inference that the accused committed the offense. Accord, Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966).

We think that burden has been adequately met here.

Affirmed.

THOMPSON, C. J., and ZENOFF, J., concur.