BARBARA LOUISE HOWARD, APPELLANT, v. SHERIFF OF CLARK COUNTY, RESPONDENT.

No. 5245

January 12, 1967                    422 P.2d 538

----

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City, and *Edward G. Marshall,* Clark County District Attorney, and *Earl Gripentrog,* Deputy District Attorney, Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

The state charged Barbara Louise Howard and Thomas Howard, her husband, with the murder of Police Officer William Fortye on October 28, 1966, at Las Vegas. After a preliminary examination, both were held to answer in the district court. They entered pleas of not guilty at the arraignment. A motion for severance was granted. A separate information was then filed against Barbara in the district court. Soon thereafter, she filed a petition for habeas corpus to be released on bail pending trial. Her application was denied and she appealed to this court for relief. We think that the showing made below by the state was insufficient to allow the court to deny bail. Therefore, on the day scheduled for the oral argument of this appeal, we ordered her release from confinement, upon giving bail in the sum of $5,000. This opinion is in explanation of that ruling.

Bail may be denied one accused of murder when, through evident proof or great presumption, it appears that the defendant has committed first degree murder. Nev. Const., Art. 1, § 7; Ex parte Wheeler, 81 Nev. 495, 406 P.2d 713 (1965). The burden rests with the state to supply that proof. Lesser included offenses are bailable as of right, since none of them is a capital offense.

Here, the state presented to the lower court the transcript of the testimony received at the preliminary examination, and nothing more. We have examined that record with care and find it wholly inadequate to show first degree murder, when tested by the constitutional standard of evident proof or great presumption.

The charge is that Barbara Louise Howard killed Officer Fortye by shooting at and into his body with a firearm. Four witnesses gave testimony at the preliminary hearing: a pathologist, a police patrolman, a taxi driver, and a church organist. The pathologist stated that the autopsy disclosed three gunshot wounds; two of them superficial, and the third a fatal chest wound. He opined that death occurred within 5 minutes

after infliction of the chest wounds and that none of the wounds was self-inflicted.

The police patrolman testified that, at 2:30 a.m. on October 28, he received a radio message from control and proceeded to Highland Boulevard near the Walker Furniture Store. A police car, with engine running and with all lights on, was stopped on the east side of the road headed north. Officer Fortye was lying dead beside the left front tire of the car. His tie was ripped off, his shirt torn and pulled apart. His hat was underneath the front grill of the car, and his handcuffs lay near the right front tire. The ground was spattered with blood. On the hood of the police car was a driver's license bearing the name of Thomas Cornelius Howard.

The taxi driver stated that, at about 2:23 a.m., while driving along Highland at 5 or 10 miles per hour, he saw a police car stopped, facing north. An officer stood beside it, talking to a negro man. About 15 feet in front and to the right of the patrol car was a light colored Dodge or Plymouth, in which a negro woman sat behind the steering wheel. He identified Barbara and Thomas Howard as the two negroes he had observed.

Finally, the church organist testified that he also had driven along Highland Boulevard about that time. He noticed the two stopped cars. He saw a Negro woman scuffling with Officer Fortye. She had hold of the officer's sleeves. He then saw a negro man run up and grab either the officer's arm or the woman's arm. The officer shoved the man back toward a parked car. The witness did not identify the Howards as the two he had seen scuffling with the officer during the early morning hours of October 28.

Such was the evidence which persuaded the lower court to deny Barbara Howard's request to be released on bail, pending trial. As already stated, the charge is that Barbara Howard willfully and with malice, shot and killed Officer Fortye. Only evidence tending to show the elements of first degree murder will allow the trial court to deny a bail application. Ex parte Wheeler, supra. That showing was not made at the preliminary hearing. The most that may be gathered from the evidence is that Barbara was seen scuffling with the officer about the time he must have been shot. The connection between that encounter and the shooting is left wholly to conjecture. If the state possessed evidence tending to establish the elements of first degree murder, the prosecutor did not offer it. The murder

weapon, fingerprint evidence, ballistic studies, eye witness testimony, admissions, confessions, if any exist, were not produced. Of course, we do not mean to suggest that the state must present all of its evidence at the preliminary hearing. We do hold, however, that some competent evidence tending to establish that the accused shot the decedent is required. It is not permissible, in ruling on a bail application, to arrive at that conclusion by stacking inference upon inference. Our constitutional standard requires more. The void in proof is particularly apparent since the same evidence is relied upon to support the murder charge against Thomas Cornelius Howard. He also was seen scuffling with the police officer. Which one of the "scufflers" shot Fortye, or is the culprit someone else who happened upon the scene? The record does not suggest an answer. The evident proof or great presumption required by the Constitution before bail may be denied one accused of a capital offense, contemplates more than a mere inference of guilt of some crime (either first degree murder or a lesser included offense) which may suffice to hold one for trial in the district court. Cf. Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963). We therefore reverse the order of the lower court, and direct that Barbara Louise Howard be released from custody pending trial, upon giving bail in the amount of $5,000.

ZENOFF, J., concurs.

COLLINS, J., dissenting:

The evidence presented at the preliminary examination is accurately summarized in the majority opinion. From that evidence I reach a different conclusion. It is true the evidence is principally, if not totally, circumstantial as to the fact of the killing, premeditation and deliberation, but a person can be convicted of a crime at trial, requiring proof beyond a reasonable doubt, solely upon circumstantial evidence (including murder in the first degree).

In State v. Van Winkle, 6 Nev. 340, 5-6-7 Nev. 648 (1871), at page 656 and 657, it is said: "To this end, it is proper that the jury be admonished in fitting terms that it is essentially necessary to the security of mankind that juries should convict, when they can do so safely and conscientiously, upon circumstantial testimony; and that otherwise, the very secrecy with which crimes are often committed would secure safety to the criminal; * * * and that if the jury is convinced by the evidence of such guilt beyond such [reasonable] doubt, it is equally their duty to convict, whether the result is produced by direct or by circumstantial evidence." Accord: State

v. Thompson, 31 Nev. 209, 217, 101 P. 557 (1909); State v. White, 52 Nev. 235, 285 P. 503 (1930); State v. Plunkett, 62 Nev. 265, 149 P.2d 101 (1944).

Evidence presented at the preliminary examination showed a violent, vicious killing of the officer. The time factor is particularly pertinent. At 2:23 a.m. both defendants were identified and observed at the crime scene in the deceased officer's presence. At 2:30 a.m., seven minutes later, another officer arrived and found officer Fortye's body under circumstances described in the majority opinion, including the driver's license belonging to defendant Thomas Cornelius Howard lying on the hood of the police car. In the interval of those seven minutes the church organist observed a negro woman scuffling with the officer. No other persons were seen or observed at the scene. We recently said in Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963), the state is required only to present enough evidence so as to support a reasonable inference that the accused committed the offense. Accord: Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966); Farrell v. State, 83 Nev. 1, 421 P.2d 948 (1967). That burden of proof applies to murder in the first degree, as well as any other felony or gross misdemeanor. Are we now to say a different degree of proof is required to hold a defendant without bail than to bind him over for trial? Here, in my opinion, the state produced sufficient evidence of a circumstantial nature showing a reasonable inference that murder in the first degree had been committed, and that defendants committed it. There is in the record "evident proof or great presumption" of first degree murder sufficient to hold defendant Barbara Louise Howard without bail, and satisfy our constitutional requirement.