ALAN EDWARD WEHRHEIM, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5237

July 5, 1967 429 P.2d 834

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order denying a writ of habeas corpus. The sole issue is whether there was probable cause to hold appellant to answer to the criminal complaint alleging an escape.[1]

 ██

NRS 171.455 requires the magistrate to bind the accused over for trial if it appears "that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof." Our duty on appeal is to decide whether there was established at the preliminary hearing a reasonable inference that the crime of escape was committed. Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963). We have noted before that the degree of evidence required is less than the proof beyond a reasonable doubt which is necessary at trial, Beasley v. Lamb, supra, and the evident proof or great presumption demanded by the Constitution before bail may be denied one accused of a capital offense. Howard v. Sheriff, 83 Nev. 150, 425 P.2d 596 (1967). With the above in mind, we turn to review the evidence presented at the preliminary hearing.

On March 18, 1966 one Alan Edward Wehrheim was booked into the Clark County jail for possession of narcotics. There was no record of his having been released subsequent to that time, up to the date of June 9, 1966. During the evening of that day, appellant and a companion, both dressed in jail dungarees, were apprehended on a third story catwalk of the Clark County jail. This location was out-of-bounds for all jail personnel. A make-shift rope of sheets and a hooked length of pipe were located nearby.

---

[1] NRS 212.090. *"Prisoner escaping.* Every prisoner confined in a prison, or being in the lawful custody of an officer or other person, who shall escape or attempt to escape from such prison or custody, if he is held on a charge, conviction or sentence of:

"1. A felony, shall be guilty of a felony.

"2. A gross misdemeanor or misdemeanor, shall be guilty of a misdemeanor."

This evidence, coupled with the unusual name of appellant which was identical to the one on the booking sheet,[2] clearly satisfies the "sufficient cause" test of NRS 171.455. Reasonable inferences were established that at least the crime of attempted escape was committed. Beasley v. Lamb, supra; Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966); Farrell v. State, 83 Nev. 1, 421 P.2d 948 (1967). See also Howard v. Sheriff, 83 Nev. 48, 422 P.2d 538 (1967).

Order affirmed.

---

[2]Cf. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966).