LEOLA LOVE MATHEWS, Appellant, *v.* RALPH LAMB, Sheriff of Clark County, State of Nevada, Respondent.

No. 5546

November 13, 1968                446 P.2d 651

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, and *Janson F. Stewart,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was bound over to the district court following a preliminary hearing on the charge of forgery. A pre-trial petition for habeas corpus was denied, and appeal is taken from that order. Appellant's sole contention is that the prosecution failed to establish the corpus delicti of the crime of forgery. We do not agree, and affirm the order denying habeas.

The charge of forgery is based on the false endorsement of a paycheck issued by the Central Telephone Company to Susan A. Cummings. Miss Cummings testified at the preliminary hearing that she was employed by the telephone company on the date the check was issued, but was absent on vacation. She further testified that the check in question was her paycheck, that the signature on the back was not her signature, and that she had never authorized anyone to sign her paychecks. She also stated that she had never received that particular check, and had never seen it before.

On the basis of this latter statement, defense counsel contends all of Miss Cummings' testimony should have been stricken as hearsay evidence in that she had neither seen nor received the subject document and that, therefore, there was no competent evidence establishing lack of authority.

It is undisputed that lack of authority is an essential element of the corpus delicti of the crime of forgery. Owen v. People, 195 P.2d 953 (Colo. 1948); People v. Whiteman, 46 P. 99 (Cal. 1896). But the necessity of prior knowledge or possession of the forged instrument by the witness asserting lack of authority finds no support in case precedent. Authorities relied on by appellant to the effect that the crime of forgery had not been established are not in point, since in those cases there was no evidence offered on the issue of lack of authority. Cf. Owen v. People, supra; State v. Fitzgerald, 205 P.2d 549 (Ore. 1949).

The situation here presented is identical to that in People v. McGlade, 72 P. 600 (Cal. 1903), wherein a paycheck

issued by the City of San Francisco was falsely endorsed in the name of the payee. One individual bearing the same name was allowed to testify that he was employed by the City at the time of issuance of the check, and that no one else had ever been authorized to endorse his name. The Supreme Court of California held that this was sufficient negative proof on the subject to warrant a jury verdict of guilty.

At preliminary hearing, where the State only has to establish a "reasonable inference" that the accused has committed a crime in order to satisfy the statute (NRS 171.455, now NRS 171.206; Beasley v. Lamb, 79 Nev. 78, 80, 378 P.2d 524 (1963)), evidence similar to that introduced in McGlade is clearly sufficient to establish the corpus delicti.

Order denying habeas corpus is affirmed.