JOSEPH CARL MASKALY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5742

February 18, 1969          450 P.2d 790

*Daniel J. Olguin,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from a denial of a writ of habeas corpus. Maskaly contends that the indictment which charges him with unlawful possession of marijuana in violation of NRS 453.030 is not supported by sufficient evidence to show that he probably committed the offense charged.

Appellant was arrested with 16 other persons at a private residence in Sparks, Nevada on August 4, 1968. Police entered the residence pursuant to a valid search warrant and found the 17 individuals all in one room. Evidence before the grand jury established that several of the individuals were smoking or carrying marijuana, that there was a plate of marijuana cigarettes and residue on a table in the middle of the room,

that there was a strong odor of burning marijuana in the air, and that there was a package of marijuana cigarettes in one corner of the room. Uncontroverted evidence also established that the 17 persons were arrested and transported to the Sparks Police Station where they were booked. Appellant was one of those booked.

Appellant contends that there was no evidence before the grand jury to show probable cause to believe that he committed the offense charged. He argues first that there is insufficient evidence to show that he was one of those arrested at the residence since the evidence that he was booked after a narcotics raid did not specifically refer to the raid which produced the evidence out of which the offense charged arose. He then contends that there was insufficient evidence to show that he had possession or control of marijuana.

It is well established that either in a preliminary hearing or in proceedings before a grand jury there must be evidence adduced which establishes probable cause to believe that an offense has been committed and that the defendant has committed it. Mathews v. Sheriff, 84 Nev. 649, 446 P.2d 651 (1968); Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968); Wallace v. State, 84 Nev. 532, 445 P.2d 29 (1968); Wehrheim v. Warden, 83 Nev. 322, 429 P.2d 834 (1967); Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967); Morton v. State, 82 Nev. 223, 414 P.2d 952 (1966); Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966); State v. Eddington, 83 Nev. 359, 432 P.2d 87 (1967); Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963); State v. Fuchs, 78 Nev. 63, 368 P.2d 869 (1962); Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962); Ex parte Stearns, 68 Nev. 155, 227 P.2d 971 (1951).

1. Appellant's first contention that he was not arrested with the 16 other participants at the narcotics party lacks merit. It is uncontroverted in the transcript of the grand jury proceedings that many of those placed at the scene of the raid were in the group arrested and booked with appellant. While appellant was not specifically identified at the site of the raid, he was adequately identified as a member of the group transported from the raid site to the police station.

2. Appellant's second contention is also without merit. There was sufficient evidence to show that he had unlawful

possession or control of marijuana. He was placed in a room where smoking of marijuana was the sole diversion and in which was located a plentiful supply of the narcotic for the ostensible purpose of consumption by those present. Proof of actual physical possession is not required. Two or more persons may have joint possession of a narcotic if jointly and knowingly they have its dominion and control. Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966). The facts in this case are quite similar to those in Fairman v. Warden, supra, which upheld a finding of probable cause.

The evidence of commission of the offense charged may not support a conviction (Cf. City of Reno v. District Court, 83 Nev. 201, 427 P.2d 4 (1967); Johnson v. Florida, 391 U.S. 596 (1968)), but we are concerned only with probable cause. While the quantity of evidence sufficient to show probable cause differs depending on the type of evidence, Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960), and the offense charged, State v. Wyatt, 84 Nev. 731, 448 P.2d 827 (1968), we deem the evidence sufficient here to show probable cause for believing that appellant committed the offense charged. His claim that he did not participate in the activities of the party is reminiscent of the plea of the man charged with adultery that when he registered at a hotel as man and wife with a woman not his wife and proceeded to the privacy of a hotel bedroom to spend the night with her, he did not intend to commit adultery. The court in that case noted that under such circumstances when a man proceeds to the privacy of a bedroom with a woman, " 'it is presumed he saith not a pater noster' there." Kerr v. Kerr, 118 N.Y.S. 801 (1909). The requirement here of only reasonable probability precludes any conclusion other than that Maskaly probably was involved in the charged offense.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.