SHELBY MORGAN, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6047

January 16, 1970 467 P.2d 600

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## O P I N I O N

*Per Curiam:*

Appellant was charged with larceny from the person. At the preliminary hearing the magistrate found from the evidence that there was probable cause to believe that an offense was committed and that appellant committed it. This is an appeal from an order of the Eighth Judicial District Court denying appellant's petition for writ of habeas corpus. We affirm.

Appellant complains that the evidence adduced at the preliminary hearing was insufficient to connect him with the alleged crime, although he concedes that there was sufficient evidence to indicate that a crime had been committed. Accordingly, the only issue before this court is whether or not the evidence was such as would make it appear that there was probable cause to believe that appellant committed the alleged crime.

The essential facts are not disputed, only the findings below based on such facts. The victim testified that after her car ran out of gas on March 15, 1969, she began walking on Carey

Street in Las Vegas. At 5:30 a.m. a person grabbed her purse and took it without her consent. She had no opportunity to see her assailant's face except to note that he was a male Negro. She did note that he wore a pink suit or pink pants. There were no other persons on Carey Street at that time. Thereafter, a police car approached and the victim got into it. The police officer observed appellant at approximately 5:33 a.m. in an area about 50 to 75 feet from the victim and he observed no other persons in the area. The police officer identified appellant as the person who was in the area at that time. Appellant is a male Negro who was wearing a pink jacket and pink pants at the time. Later, the victim's purse was found about 30 feet from where she was first seen by the police officer and at a point between the victim and where appellant was first seen.

Appellant contends that the implications of the above facts are overcome by the failure of the victim to specifically identify him as her assailant, by the fact that he was not in possession of her purse, and was never seen in possession of any of the victim's property. We reject that contention.

 ██

There was sufficient evidence to meet the requirements of NRS 171.206. If the evidence produced at the preliminary hearing establishes a reasonable inference that the defendant committed the crime, then probable cause to order him to answer in the district court has been established. Hanley v. State, 85 Nev. 154, 451 P.2d 852 (1969). It is not the function of this court or of the courts below to pass upon whether or not the evidence is sufficient to justify a conviction. Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963).

Affirmed.