NICK STASSI AND ROBERT E. TIBBY, APPELLANTS, v.
SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 6210

June 4, 1970 470 P.2d 131

*Samuel B. Francovich,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, Carson City; *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

The appellants were indicted by the Washoe County Grand Jury for pandering and living off the earnings of a prostitute, in violation of NRS 201.300 and NRS 201.320, respectively. This is an appeal from an order denying habeas corpus.

The appellants contend that the district court erred in denying their application for habeas because (1) the evidence presented to the Grand Jury was insufficient to indict them, and (2) the prosecutor interfered with an attempt by a member of the Grand Jury to question one of the witnesses thereby preventing a full and complete investigation of the matter by the Grand Jury.

We have thoroughly reviewed the testimony of the seven witnesses upon which the Grand Jury returned its indictment, and we deem it unnecessary to recite the same here. There was ample evidence to establish a reasonable inference that these appellants committed the crimes charged, sufficient to support the Grand Jury indictment. The evidence need not be sufficient to justify a conviction in order that an indictment be returned; if it meets the test of sufficiency to establish a reasonable inference that the defendants committed the crimes charged, then habeas is properly denied. Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963). Maskaly v. State, 85 Nev. 111, 450 P.2d 791 (1969). Such was the case here.

On the issue of interference by the prosecutor with the efforts of the Grand Jury to interrogate a witness, our examination of the transcript of the Grand Jury proceedings does not bear out the contention of the appellants. At the conclusion of the testimony of each of the witnesses the foreman of the Grand Jury specifically inquired of the other members of the Jury if there were any other questions to be directed to the witnesses; and, there being none, each of the witnesses was thereupon excused. There was ample opportunity to elicit further information if any was sought.

Accordingly, the appellants having failed to make evident any error in the proceedings below, the order of the district court denying habeas is affirmed.