THURMAN LEE KINSEY, APPELLANT, v. SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 6554

July 13, 1971                                    487 P.2d 340

*Melvin Schaengold,* of Reno, for Appellant.

*Robert List,* Attorney General, of Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This appeal from an order of the Second Judicial District Court denying a pre-trial petition for a writ of habeas corpus challenges a grand jury indictment returned against the appellant on the grounds that insufficient evidence was presented to the grand jury to constitute probable cause to believe that a criminal offense had been committed and that the appellant committed it.

The evidence presented to the grand jury showed that the appellant rented a room in the Red Carpet Motor Lodge in Reno on September 22, 1970. On October 24, 1970, the manager of the motel locked the appellant's room for nonpayment of rent, and he was given two days to settle his bill with the motel. On October 26, when the appellant had failed to pay the rental as required, the motel personnel entered the appellant's locked room for the purpose of taking his personal effects to the basement for storage. They found in the top drawer of the dresser a bag containing a substance which was identified as marijuana. On this evidence, the appellant was indicted for possession of narcotics in violation of NRS 453.030.

On appeal from a denial of pre-trial habeas the sole function of this court is to determine whether all of the evidence received at the preliminary hearing, or by the grand jury, establishes probable cause to believe that an offense has been committed and that the accused committed it. State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970); Lamb v. Holsten, 85 Nev. 566, 459 P.2d 771 (1969). To enable us to accomplish that function it is necessary that the transcript of the proceedings before the magistrate or the grand jury be made a part of the record. Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966). Further review of the record is not required, as probable cause or the lack of it will be disclosed by the transcript.

At a preliminary examination or in proceedings before a grand jury, the issue of guilt or innocence of the accused is not involved. Marcum v. Sheriff, 85 Nev. 175, 451 P.2d 845 (1969). The evidence need not be sufficient to support a conviction. Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969). Nor must the State produce the quantum of proof required to establish the guilt of the accused beyond a reasonable doubt. Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969). To commit an accused for trial, the State is not required to negate all inferences which might explain his conduct, but only to present enough evidence to support a reasonable inference that the accused committed the offense. Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966); Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963).

In order to hold a person charged with the possession of narcotics, it is necessary to show dominion and control by the accused over the narcotic substance and knowledge of its narcotic character, but those elements may be shown by circumstantial evidence and reasonably drawn inferences. Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967).

The case of State v. Haynes, 267 N.E.2d 787 (Ohio 1971), upon which the appellant relies so heavily, is inapposite. There the question of probable cause to hold for trial was not involved. The defendant had been convicted after a trial. On appeal it was contended that the evidence was not sufficient to support the conviction. The proof at trial showed that, although the premises where the narcotics were found were rented by

the defendant, they had also been occupied by the defendant's girl friend and three other persons for some time. Moreover, it was uncontradicted that the defendant had left the premises a week prior to the time the narcotics were found.

Here, a review of the transcript of the evidence presented to the grand jury shows the appellant to have been a registered guest at the motel. As such, he was the sole known occupant of the motel room. That occupancy continued for more than a month. Upon nonpayment of rent, the management locked the room. The testimony shows that no one else could have gained entrance. Two days after the appellant's room was locked, marijuana was found in one of the dresser drawers inside the room. The legality of the entrance to the room by motel personnel is not in issue here.

Such evidence, and the inferences which reasonably may be drawn therefrom, constitutes probable cause to believe that the crime of possession of narcotics has been committed, and that the appellant committed it. Accordingly, the district court's order denying habeas corpus is affirmed.