RICHARD EUGENE ABBOTT, APPELLANT, *v.* SHERIFF, CARSON CITY, NEVADA, RESPONDENT.

No. 6564

LARRY PRICKETT, JR., APPELLANT, *v.* SHERIFF, CARSON CITY, NEVADA, RESPONDENT.

No. 6565

August 10, 1971                    487 P.2d 1067

*Peter I. Breen,* of Carson City, for Appellant Richard Eugene Abbott.

398

*Daniel R. Walsh,* of Carson City, for Appellant Larry Prickett, Jr.

*Robert List,* Attorney General, of Carson City; and *Michael Fondi,* District Attorney, of Carson City, for Respondents.

## OPINION

*Per Curiam:*

These appeals have been consolidated for disposition because they arise out of the same facts and circumstances.

On December 28, 1970, the Carson City Sheriff's Department obtained a warrant to search an apartment occupied by the appellant, Larry Prickett, and another individual who is not a party to these appeals, for unlawful possession of marijuana and hallucinogenic drugs. The officers found the subject premises to be unoccupied when they first attempted to serve the search warrant. They returned at approximately 1:48 a.m. on December 29, 1970. On that occasion the premises were found to be occupied.

When an officer knocked, one of the persons inside came to

the door and looked out through a window. The officer identified himself as a deputy sheriff and informed the occupant that he had a search warrant. Upon observing sudden movement inside the apartment the officers broke open the door and entered. There were only two persons on the premises. They were the appellants, both of whom were standing in the kitchen. The apartment was the residence of Larry Prickett. Richard Eugene Abbott was a visitor.

Richard Eugene Abbott was observed to have in his hand two cigarette boxes, which he was placing on the drainboard near the kitchen sink. In one of the boxes was a substance which proved to be marijuana. In the other box were seven LSD tablets, nine seconal capsules, and two bags containing a number of amphetamine tablets. Both of the appellants were placed under arrest.

The subsequent search of the apartment found a hypodermic device and a substance which proved to be LSD, and a quantity of amphetamine powder, inside a dresser drawer in the bedroom. Also recovered was a smoking pipe with marijuana residue in the bowl. The officers then searched Larry Prickett's automobile, where another tablet which proved to be LSD was found.[1]

After a preliminary examination both of the appellants were bound over to the district court on charges of possession of narcotic drugs in violation of NRS 453.030, and unlawful possession of dangerous drugs without a prescription in violation of NRS 454.395. They both petitioned for a writ of habeas corpus on the grounds that there was not sufficient evidence to constitute probable cause to hold them for trial. Their writ applications were both denied, and these appeals followed.

The record of the testimony presented at the preliminary examination can be read to show that Richard Eugene Abbott was in actual physical possession of marijuana, seconal and amphetamine. The officer who was the first to enter the premises testified that he saw Richard Eugene Abbott with his hand on the two cigarette boxes containing those items, in the process of placing them on the drainboard in the kitchen, near

---

[1]Whether or not the authority of the search warrant extended to the automobile of Larry Prickett is not in issue, because he expressly consented to the search of the vehicle. The sole issue presented by these pre-trial habeas proceedings is the existence of probable cause to hold the appellants for trial. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969).

the sink. His own testimony at the preliminary examination was a denial that he had possession of the cigarette boxes, but the magistrate resolved the conflict against Richard Eugene Abbott, which he is permitted to do [Bryant v. Sheriff, 86 Nev. 622, 472 P.2d 345 (1970)], and he ordered that the accused be held for trial. We agree.

We likewise find the evidence sufficient to warrant binding Larry Prickett over to the district court for trial. While he was not found to be in actual possession of the marijuana or drugs, he was standing in the kitchen with Richard Eugene Abbott, in close proximity to him; the record of the preliminary examination showed him to have been in residence at the apartment; some of the material was found inside a dresser drawer in the bedroom; and one of the LSD tablets was found in his automobile. Such evidence, and the inferences which reasonably may be drawn therefrom, show Larry Prickett to have had such dominion and control over the substances, and knowledge of its character, as to satisfy the minimum proof requirement to constitute probable cause. Hall v. Sheriff, 86 Nev. 456, 470 P.2d 422 (1970); Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

In order to hold a person accused of possession of narcotics it is not necessary to prove actual physical possession. Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969). It is necessary to show both dominion and control over the substance, and knowledge of its narcotic character, but those elements may be shown by circumstantial evidence and reasonably drawn inferences. Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967). At the preliminary examination the state need not produce the quantum of proof necessary to establish the guilt of the accused beyond a reasonable doubt. Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969). Neither is it required that the evidence adduced there be sufficient to support a conviction. Maskaly v. State, supra. The issue of guilt or innocence is not involved at the preliminary examination. Marcum v. Sheriff, 85 Nev. 175, 451 P.2d 845 (1969). To bind over an accused for trial, the state is required only to present enough evidence to support a reasonable inference that the accused committed the offense charged. Johnson v. State, 82 Nev. 338, 418 P.2d 495 (1966); Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963).

Upon the evidence presented in these cases the state has met its burden of proof to show probable cause to hold both of the

appellants, and the orders of the district court dismissing their petitions for habeas corpus are affirmed.

Remittitur shall issue immediately, and the orders entered by this court on March 10, 1971, staying the trial of these cases are vacated and set aside.