SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, v. KENNETH A. CROCKETT, RESPONDENT.

No. 16477

September 4, 1986 724 P.2d 203

*Brian McKay,* Attorney General, Carson City, *Robert J. Miller,* District Attorney, Las Vegas, for Appellant.

*Thomas D. Beatty,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Respondent Kenneth A. Crockett was charged by information with one count of obtaining a signature by false pretenses, a felony in violation of NRS 205.390. The district court granted respondent's pretrial petition for a writ of habeas corpus, dismissed the charge against him, and this appeal followed. For the reasons set forth below, we reverse the order of the district court.

At respondent's preliminary hearing, the state established that respondent was the president of both Nicro Construction, Inc. (Nicro), and S.C.R. Construction, Inc. (S.C.R.). The alleged victim in this matter, Vincent Ewy, testified that he co-signed a note evidencing a loan from Nevada National Bank to Nicro to facilitate Nicro's purchase of certain property owned by Ewy's Keough trust. Ewy testified that, in return for his signature, respondent, in his capacity as president of S.C.R., executed a deed of trust on certain property in Los Angeles, naming Ewy as beneficiary. According to Ewy, the deed was to serve as Ewy's security in the event Nicro defaulted on the loan. At the hearing, Ewy identified a copy of the deed to the Los Angeles property, which was later admitted into evidence.

Ewy further testified that respondent later requested him to execute a reconveyance of the Los Angeles property. In return for the reconveyance, Ewy testified that respondent executed a deed of trust purporting to give Ewy a beneficial interest in certain property located in Las Vegas and allegedly owned by Nicro. Respondent executed the deed of trust to the Las Vegas property in his capacity as president of Nicro. At the preliminary hearing, Ewy identified the deed to the Las Vegas property, testified that he was familiar with respondent's handwriting, identified respondent's signature on that deed, and testified that when he

accepted the deed to the Las Vegas property, he was unaware of the fact that neither respondent, Nicro, nor any other corporation associated with respondent had an interest in the property. The state also introduced a certified copy of a deed showing that neither respondent, Nicro, nor any other corporation associated with respondent had an interest in the Las Vegas property at the time of the alleged transaction. Another witness, Robert Krause, testified that the property was, at that time, owned by Krause and another individual, Michael Signorelli.

In his pretrial petition for a writ of habeas corpus, respondent contended that the evidence adduced at the preliminary hearing did not comport with the allegations contained in the information. Specifically, respondent argued that there were discrepancies in the evidence regarding the terms and amount of the original loan, that the state had failed to introduce the original loan document as required by NRS 52.235 (the best evidence rule), and that the above mentioned deeds were admitted without an adequate foundation. Respondent concluded, therefore, that the evidence adduced at the preliminary hearing was insufficient to establish probable cause that he committed the charged offense. The lower court agreed with respondent and granted his request for a writ of habeas corpus. This appeal followed.

Absent a showing of substantial error on the part of the district court in granting a writ of habeas corpus based on insufficient evidence, this court will not overturn the lower court's determination. Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981). The finding of probable cause to support a criminal charge "may be based on slight, even 'marginal' evidence, . . . because it does not involve a determination of the guilt or innocence of an accused." Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) (citations omitted). "To commit an accused for trial, the State is not required to negate all inferences which might explain his conduct, but only to present enough evidence to support a reasonable inference that the accused committed the offense." Kinsey v. Sheriff, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971). NRS 205.390 provides:

> Every person who, with intent to cheat or defraud another, shall designedly by color or aid of any false token or writing or other false pretense, representation or presentation obtain the signature of any person to a written instrument, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years, or by a fine of not more than $5,000, or by both fine and imprisonment.

A violation of NRS 205.390 is established when a person: (1) obtains the signature of another person; (2) to a written instru-

ment; (3) by the use of false pretenses; and (4) with the intent to defraud another. *See generally* Smith v. State, 681 S.W.2d 71, 75 (Tex.App. 1983) (Texas court, construing similar statute, held that offense was complete "when a person causes another to execute a document 'with the intent to defraud or harm' ").

In the present case, Ewy testified at the preliminary hearing that respondent: (1) obtained Ewy's signature; (2) to a request for reconveyance; (3) by telling Ewy that, in return for Ewy's signature on the reconveyance, Ewy would receive an interest in certain property in Las Vegas; (4) when respondent allegedly did not own any interest in the Las Vegas property. Ewy's testimony was supported by a copy of the deed containing the reconveyance signed by Ewy, and the original deed to the Las Vegas property purporting to transfer a beneficial interest in that property from Nicro to Ewy. The latter document was signed by respondent in his capacity as president of Nicro.

In light of the above testimony, we conclude that an adequate foundation existed to support the admission of the deeds into evidence at the preliminary hearing. Further, we conclude that sufficient evidence was adduced at the preliminary hearing to establish probable cause to believe that respondent, through the use of false pretenses, and with an intent to defraud, obtained Ewy's signature to the reconveyance. The details of the underlying loan transactions appear irrelevant to the question of whether respondent used false pretenses to obtain Ewy's signature on the reconveyance. Accordingly, we conclude that the district court committed substantial error when it determined that there was insufficient evidence to bind respondent over for trial on the charged offense. *See* Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981). Therefore, we reverse the order of the district court granting the pretrial petition for a writ of habeas corpus, and remand this matter for further proceedings consistent with this opinion.