# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTHUR LEE SEWALL, JR.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID BARKER,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 81309

**FILED**

DEC 04 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion for release on reasonable bail.

The State charged petitioner Arthur Sewall, Jr., by indictment with first-degree murder with the use of a deadly weapon. Sewall moved to suppress his confession based on a *Miranda* violation, which the district court granted, and we affirmed. *State v. Sewall*, Docket No. 79437 (Order of Affirmance, Apr. 16, 2020). Sewall subsequently moved for release on reasonable bail. The district court denied the motion, finding "that the proof [was] evident and the presumption great" that Sewall committed the charged crime. Sewall has petitioned this court for a writ of mandamus, challenging the constitutionality of the district court's bail order.

"A writ of mandamus will issue when the respondent has a clear, present legal duty to act" or to control an arbitrary or capricious exercise of discretion. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (citing NRS 34.160). A district

court's decision constitutes an arbitrary or capricious exercise of discretion where it is "contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal quotation marks omitted). We elect to entertain Sewall's petition because he lacks an adequate legal remedy to challenge the district court's denial of bail and because Sewall's liberty interest is a fundamental right. *See Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev., Adv. Op. 20, 460 P.3d 976, 983-84 (2020) (exercising discretion to entertain a petition for a writ of mandamus challenging, among other things, a district court's bail decisions).

Article 1, section 7 of the Nevada Constitution provides that criminal defendants have the right to bail prior to conviction. *Id.* at 984. Criminal defendants that are in custody and pending trial are "entitled to an individualized hearing at which the State must prove by clear and convincing evidence that bail, rather than less restrictive conditions, is necessary to ensure the defendant's appearance at future court proceedings or to protect the safety of the community." *Id.* at 988. During the hearing, the defendant has "the right to be represented by counsel," and to testify and present evidence. *Id.* at 987. Finally, when ruling on bail matters, "the district court must state its findings and reasons for the bail decision on the record." *Id.* at 988. However, this right is limited for defendants accused of "[c]apital [o]ffenses or murders punishable by life imprisonment without [the] possibility of parole when the proof is evident or the presumption great" that the defendant committed the charged crime. Nev. Const. art. 1, § 7; *see also* NRS 178.484(4) (providing that "[a] person arrested for murder of the first degree may be admitted to bail unless the proof is evident or the presumption great" that the defendant committed the charged crime).

To defeat bail, the State bears the burden of presenting evidence which tends to show that the defendant committed the elements of the charged crime. *Howard v. Sheriff*, 83 Nev. 48, 50, 422 P.2d 538, 539 (1967). Such evidence must be admissible. *In re Wheeler*, 81 Nev. 495, 500, 406 P.2d 713, 716 (1965). "The quantum of proof necessary to establish the presumption of guilt" for purposes of defeating a bail request "is considerably greater than that required to establish the probable cause necessary to hold a person answerable for an offense," *Hanley v. State*, 85 Nev. 154, 161, 451 P.2d 852, 857 (1969), but less than what is required at trial to prove guilt beyond a reasonable doubt, *Wheeler*, 81 Nev. at 500, 406 P.2d at 716. Denial of bail is not proper where the district court relied upon "conjecture" or "by stacking inference upon inference." *Howard*, 83 Nev. at 51-52, 422 P.2d at 539-40.

Here, the district court relied upon the following evidence in denying Sewall's motion for release on reasonable bail: (1) LVMPD investigators found Sewall's semen in the victim's vagina and rectum; and (2) Sewall owned a firearm, a .357 Ruger revolver, that *could* have fired the round that LVMPD detectives found at the crime scene. We conclude that this evidence is not sufficient to defeat Sewall's right to reasonable bail under Article 1, section 7 of the Nevada Constitution because it does not tend to demonstrate that Sewall committed the elements of first-degree murder.

The evidence clearly demonstrates that Sewall had sexual intercourse with the victim prior to her apparent murder. However, the State failed to present convincing evidence that tends to prove that a .357

SUPREME COURT
OF
NEVADA

(O) 1947A

Ruger revolver was the murder weapon.[1] Furthermore, the State's proffered evidence does not tend to prove the elements of first-degree murder under a "willful, deliberate and premeditated killing" theory, NRS 200.030(1)(a), or under a felony murder theory, NRS 200.030(1)(b). Therefore, we conclude that the district court's finding "that the proof [was] evident and the presumption great" that Sewall committed first-degree murder relies upon inference or conjecture rather than convincing evidence. *Compare Howard*, 83 Nev. at 50-51, 422 P.2d at 539 (reversing a district court's denial of bail where the evidence demonstrated that the defendant engaged in a scuffle with the victim prior to the victim's murder but did not show that the defendant committed the elements of first-degree murder), *and Hanley*, 85 Nev. 157-62, 451 P.2d at 854-57 (reversing a district court's denial of bail where the evidence demonstrated that the defendant discussed hiring somebody to murder the victim with his shotgun but did not show that the defendant committed the elements of first-degree murder), *with Wheeler*, 81 Nev. at 501-03, 406 P.2d at 716-17 (affirming a district court's denial of bail where the victim's dying declaration identified the defendant as the murderer).

Sewall is pending trial and presumed to be innocent until found guilty. *Wheeler*, 81 Nev. at 499, 406 P.2d at 715. In our criminal justice system, "punishment should follow conviction, not precede it." *Id*. Accordingly, we conclude that the district court's denial of Sewall's request for release on reasonable bail is contrary to the law given the State's failure

---

[1]LVMPD's ballistics examination determined that the spent round was consistent with a .357, a .38, or a 9mm. The examination also determined that that round's rifling characteristics were consistent with, but not limited to, an INA, a Ruger, a Smith & Wesson, and a Taurus.

to rebut the presumption in favor of bail under Article 1, section 7 of the Nevada Constitution.[2] Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to grant Sewall's motion for release on reasonable bail in an amount and under conditions that the district court determines, after an adversarial hearing, are necessary to ensure Sewall's presence at trial and the safety of the community.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Chief Judge, The Eighth Judicial District Court
Hon. David Barker, Senior Judge
Hon. Valerie Adair, Judge
Law Office of Christopher R. Oram
Joel M. Mann, Chtd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Because we are resolving Sewall's petition on these grounds, we decline to address his remaining arguments.