UNITED STATES of America

v.

David PACK.

UNITED STATES of America

v.

Harry PACK.

Cr. A. Nos. 757, 758 and 837, 838.

United States District Court
D. Delaware.

Feb. 25, 1957.

See also D.C., 20 F.R.D. 209.

Leonard G. Hagner, U. S. Atty., H. Newton White, Asst. U. S. Atty., Wilmington, Del., and Fred G. Folsom, Washington, D. C., for plaintiff.

Henry M. Canby (of Richards, Layton & Finger), Wilmington, Del., for petitioner.

RODNEY, District Judge.

This is a motion of Sidney Schwach to quash, vacate and set aside a subpoena by which the petitioner, Schwach, was required to appear as witness before the Grand Jury on February 20, 1957.

Two other matters, namely, a summons for Schwach to appear as a witness before a Special Agent of the Internal Revenue Service in the matter of the tax liabilities, inter alia, of David Pack and Harry Pack and a former subpoena for Schwach to appear before the Grand Jury and served by a representative of the Government were orginally involved but these two matters have been abandoned and the sole question here involved is the motion heretofore indicated of Schwach to vacate a subpoena, by which the petitioner, Schwach, was required to appear as a witness before the Grand Jury

on February 20, 1957 and which was duly served on Schwach by a U. S. Marshal and accompanied by a payment of his witness fee and expenses.

The question with which we are concerned grows out of or is connected with the following facts:

David Pack and Harry Pack were indicted on February 29, 1952 for filing false and fraudulent income tax returns for 1945. These were indictments Nos. 757 and 758, respectively. David Pack and Harry Pack were indicted on June 15, 1953 for filing false and fraudulent income tax returns for 1946 and these indictments were Nos. 837 and 838.

Motions for suppression of evidence in both cases for both the years 1945 and 1946 were eventually granted and orders subsequently entered thereon.

The Government did not set the cases for trial and informed the Court that it had no substantial evidence, other than that suppressed, upon which the defendants could be brought to trial and that the Government did not know of any time within the foreseeable future when said trial could be had. The defendants, David Pack and Harry Pack, moved the Court for a specific trial date and argument was had thereon. On February 14, 1957, the indictments for both years were dismissed upon the Court's motion for want of prosecution.

On January 30, 1957, the present subpoena was issued and bore the caption and specific reference to the Criminal Actions 757, 758, 837 and 838.

 It is the contention of the petitioner that the subpoena is issued and the testimony of the petitioner is sought as a means of discovery of evidence to be used solely in the trial of Criminal Actions 757, 758, 837 and 838, and is not to be used in furtherance of any inquisitorial function of the Grand Jury. He urges that it is therefore an improper matter to be considered by the present Grand Jury which had nothing to do with the indictments found by a different Grand Jury in 1952 and 1953.

In the argument on the motion to quash the subpoena the Government insisted that the evidence of the petitioner was desired (1) with reference to the preservation or discovery of evidence to be used in connection with any subsequent trial in indictments 757, 758, 837 and 838 and (2), for use in connection with any indictments which may be found by the present Grand Jury on matters arising since the finding of the former indictments.

We are first met with the objection of the Government that a prospective witness has no standing to challenge the authority of the Grand Jury in any prospective course of action. This seems to be the holding of Blair v. U. S., 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979.

It has also been held in Application of Iaconi, D.C., 120 F.Supp. 589 that a defendant under indictment had no standing to move to quash a subpoena for a witness to appear before a subsequent Grand Jury. In the cited case the trial of the defendant was awaiting the furnishing of a Bill of Particulars and one purpose of the desired testimony before the Grand Jury was to obtain evidence for the furnishing of such Bill of Particulars and for use at the trial under the former indictment.[1]

If neither the proposed witness nor the defendant in the existing indictment has standing in the matter, it is difficult to see what party may, of right, present the questions sought to be raised. In the Iaconi case it was held that the District Court on its own motion may exercise over a Grand Jury, sitting in such Court, a supervisory power to prevent the process of the Court and before the Grand Jury being used abusively. Such, I believe, is correct. The Grand Jury is an appendage of the Court which calls it into existence and apart from the Court it has no independent status or

---

1. See, however, in Re National Window Glass Workers, D.C., 287 F. 219, at page 223, where such action by the defendant seems to have been permitted.

as has been said it does not become an independent planet in the judicial system.

At the argument on the motions, counsel for the petitioner stated that the only reason that had been given to him by the Government for the proposed evidence before the Grand Jury under the subpoena was the obtention and preservation of testimony to be used in the subsequent trials under the Indictments of 1952 and 1953 being Nos. 757, 758, 837 and 838. This, to some extent is borne out by the fact that the subpoena bears the numbers of those indictments.

Counsel for the Government, however, states that the evidence desired from the witness under subpoena would be used for two purposes, (1) To obtain and preserve testimony which may be used in the trial of the 1952 and 1953 indictments (Nos. 757, 758, 837 and 838) and (2) To obtain evidence in connection with offenses other than those embraced within the enumerated indictments and in furtherance of the general investigatorial powers of the Grand Jury as to such other offenses.

The Court is then faced with this situation. If Reason No. 1, as suggested by the Government, had stood alone and without Reason No. 2, one course of action would be forecast; if Reason No. 2 had stood alone, a very different course of action would probably be taken.

■ Reason No. 1. This is no place for an extended discussion of the historical functions of a Grand Jury. Much of this learning has been collected in United States v. Smyth, D.C., 104 F. Supp. 283.[2] I have seen no case where a Grand Jury not investigating any criminal activity and not looking toward an indictment to be found by it could take testimony merely for the purpose of discovering or preserving such testimony for use in a criminal trial under an indictment by a former Grand Jury. The Grand Jury may not, in my opinion, be used for such purpose. This seems to be the exact status recited in In re National Window Glass Workers, 287 F. 219, at page 223. To allow the Government in the present case to enter, via the Grand Jury, into a full disclosure of evidence to be used in the 1952 and 1953 indictments might empower the Government in a large measure to circumvent the suppression of evidence heretofore ordered by this Court in this case.

■ Reason No. 2. This Court has been informed by Government counsel that evidence sought from the witness under subpoena would be used in furtherance of or in connection with the general inquisitorial powers of the Grand Jury as to offenses other than those embraced within the pending and enumerated indictments.

This Court has neither the desire nor the right to interfere with these functions. They are the basic functions of the Grand Jury.

The motion of Sidney Schwach to quash, vacate and set aside the pending subpoena is denied. An appropriate order may be submitted.

2. See cases collected in 22 A.L.R. 1357, 106 A.L.R. 1383, 120 A.L.R. 438.