HARVEY DICKERSON, ATTORNEY GENERAL OF THE STATE OF NEVADA, PETITIONER, *v.* THE GRAND JURY OF WASHOE COUNTY, RESPONDENT.

No. 5072

March 28, 1966 412 P.2d 441

*Harvey Dickerson,* Attorney General, and *Daniel R. Walsh,* Chief Deputy Attorney General, both of Carson City, for Petitioner.

*William J. Raggio,* Washoe County District Attorney, of Reno, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

This is an original proceeding for a writ of prohibition to stop further inquiry by the Washoe County Grand Jury into the operations of the Nevada State Hospital. The petitioner suggests that the permissive inquisitorial powers expressed by NRS 172.300(2) do not allow a county grand jury to inquire into the affairs of a state agency.[1] His argument is bottomed on two propositions: first, that NRS 6.135(1) (sometimes referred to as the state grand jury statute) reveals a legislative intention that state affairs be investigated by a grand jury impaneled under that statute, and not otherwise;[2] second, that Nev.Const.Art. 3, § 1, concerning the separation of powers of the three departments

---

[1]NRS 172.300(2) provides: "The grand jury may inquire into any and all matters affecting the morals, health and general welfare of the inhabitants of the county, or of any administrative division thereof, or of any township, incorporated city, irrigation district or town therein."

[2]NRS 6.135(1) reads: "Upon request of the governor, or of the legislature by concurrent resolution, the district judge of any county shall cause a grand jury to be impaneled in the same manner as other grand juries are impaneled, except that the sole duty of a grand jury impaneled under the provisions of this section shall limit its investigations to state affairs, and to the conduct of state officers and employees. The report of such grand jury shall be transmitted to the governor and the legislature."

of state government—legislative, executive, judicial—precludes a grand jury from investigating a state executive function. Neither contention has merit. Therefore, we deny prohibition.

The district attorney of Washoe County presented to the grand jury certain information which his office had received concerning the Nevada State Hospital near Sparks, Washoe County, Nevada. That information concerned the possible commission of public offenses at the hospital and security arrangements regarding patients who have been convicted of criminal offenses, patients against whom criminal charges are pending, and patients who are dangerous to others. The grand jury caused subpoenas to issue demanding the appearance of the Nevada Director of Health and Welfare, a former superintendent of the Nevada State Hospital, and its present superintendent. The latter was also requested to produce "records of commitments or admissions of patients transferred from the Nevada State Prison or any prison or jail within the state, or whose admission is accompanied by a police hold." The purpose and scope of the proposed inquiry was thus made clear. In this opinion we do not attempt to describe limitations upon the inquisitorial powers of the grand jury. We merely hold that NRS 172.220 requires that body to "inquire into all public offenses committed and triable within the jurisdiction of the court," and that NRS 172.300(2) permits the proposed inquiry into the security arrangements at the state hospital.

The basic inquiry on prohibition is jurisdiction. NRS 34.320. Although In re Ormsby County Grand Jury, 74 Nev. 80, 322 P.2d 1099 (1958), does not explicitly state that a county grand jury has jurisdiction to inquire into the affairs of a state office located within the county, the decision must be read to stand for that proposition as the court was aware of the problem and approved the grand jury inquiry of state officers subject to the limitations expressed. Indeed, the petitioner concedes such power with respect to all "public offenses" committed and triable within the county. NRS 172.220. He only

challenges the power to inquire into the security arrangements. In our view the security arrangements at the state hospital affect the health and general welfare of the inhabitants of Washoe County and fall within the permissive authorization of NRS 172.300 (2). We do not find in NRS 6.135 (1)—the so-called state grand jury statute—any expression of a contrary legislative purpose. That statute simply allows the governor, or the legislature by concurrent resolution, to request a district judge to impanel a grand jury. It does not purport in any way to limit the powers of a grand jury impaneled pursuant to NRS 6.110, NRS 6.120, NRS 6.130 or NRS 6.140. It is, of course, true that had a grand jury been impaneled upon request of the governor or legislature to inquire into the affairs of the state hospital, its sole duty would be to investigate and report. That limitation is imposed by the express language of NRS 6.135 (1). The powers of a grand jury otherwise impaneled are not so limited. It may subpoena witnesses (NRS 178.250), present public offenses to the court by presentment or indictment (NRS 172.220), and inquire into the matters specified in NRS 172.300.

The petitioner's other ground for prohibition is that Nev.Const.Art. 3, § 1[3] forbids the proposed inquiry. We do not think that the separation of powers doctrine is involved. The power of the executive branch of the state government to administer the affairs of the state hospital is specified by statute. NRS 232.300–232.320; NRS 433.100–433.120. That power is not impaired or weakened by the proposed grand jury inquiry. Indeed, the grand jury may not administer the affairs of the hospital. However, it may appropriately report and recommend upon matters within the scope of the inquiry as proposed. The constitutional provision for separation of powers is not offended by authorizing a county grand

---

[3]Nev.Const.Art. 3, § 1, reads: "The powers of the Government of the State of Nevada shall be divided into three separate departments,—the Legislative,—the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in the cases herein expressly directed or permitted."

jury to investigate a state agency and report its findings to the court. Cf. Nev. Comm'n Equal Rights v. Smith, 80 Nev. 469, 396 P.2d 677 (1964).

For the reasons expressed the application for prohibition is denied and this proceeding is dismissed.

ZENOFF, D. J., concurs.

JUSTICE BADT was unavailable because of illness. The parties stipulated that the matter be determined by the remaining members of the court.