STEVEN MESSMORE, PETITIONER, *v.* JACK FOGLIANI, WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5002

April 19, 1966                    413 P.2d 306

*Drennan A. Clark,* of Reno, for Petitioner.

*Harvey Dickerson,* Attorney General, and *John G. Spann,* Deputy Attorney General, of Carson City, and *Edward G. Marshall,* Clark County District Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an original proceeding for a writ of habeas corpus. A jury convicted the petitioner of robbery. His request for release from prison rests upon an asserted violation of his Sixth Amendment rights.[1] The remedy is appropriate. Dean v. Fogliani, 81 Nev. 541, 407 P.2d 580 (1965); Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965). The statement of the victim of the robbery given at the preliminary hearing, when petitioner was without counsel, was received in evidence during the trial as part of the state's case in chief. Thus, petitioner was denied any opportunity to have the benefit of counsel's cross examination of a witness against him. In Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), the United States Supreme Court held that the right granted to an accused by the Sixth Amendment to confront the witnesses against him, which includes the right of cross examination, is a

---

[1]The Sixth Amendment to the U.S. Constitution reads in part: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * * and to have the Assistance of Counsel for his defence."

fundamental right essential to a fair trial and is made obligatory on the states by the Fourteenth Amendment. Accordingly, that court ruled that the Sixth Amendment right of confrontation was denied when the transcript of the witness' statement offered against the petitioner at his trial had not been taken at a time and under circumstances affording petitioner through counsel an adequate opportunity to cross examine. Pointer v. Texas, supra, controls this case. See also: Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

Our ruling today was foreshadowed by prior opinions of this court. In Victoria v. Young, 80 Nev. 279, 392 P.2d 509 (1964), we stated, "Appellant argues that a preliminary hearing is a critical stage of the procedure leading to the trial of an accused, because testimony taken there may be used by either party on the trial when the personal attendance of any witness cannot be had in court. NRS 171.405(10). We are of the opinion that this argument has no merit. Counsel anticipates that he will be prejudiced at the trial in the event the trial court should receive in evidence any testimony taken at the preliminary hearing. We do not believe that a trial court would invite such error in a case where an accused did not have the opportunity to cross-examine witnesses through counsel. Until such testimony is received in evidence at the trial, appellant cannot claim prejudice." The hypothesized occurrence which we discussed in Victoria happened in the instant case.

Again, in Coffman v. State, 81 Nev. 521, 407 P.2d 168 (1965), we equated the right of confrontation with the right to cross examine through counsel. There, a deposition was used in lieu of courtroom testimony, but the defendant and his counsel were present when the deposition was taken and defense counsel cross examined the deponent. Therefore, the defendant's Sixth Amendment rights were not violated.

A further question is presented: Should Pointer v. Texas, supra, be retrospectively applied? The petitioner was sentenced on March 20, 1963. Pointer was decided on April 5, 1965. The federal constitution neither

requires nor prohibits retrospective effect. Each case must be examined with reference to the constitutional right involved. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1965). Tehan v. United States, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966). As noted in Linkletter, if the constitutional principle is aimed at the fairness of the trial—the very integrity of the fact finding process—retrospective application is in order. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). We think that the total preclusion of the right to confront and cross examine, through counsel, a material witness against the defendant, fatally infects the fairness of the trial. We hold, therefore, that the Sixth Amendment right of confrontation is so basic as to demand retrospective application. In this setting the rule of harmless error (NRS 169.110) is inoperative.

Writ granted and petitioner discharged.

ZENOFF, D. J., concurs.