## THOMAS SERRANO, Appellant, v. THE STATE OF NEVADA, Respondent.

Nos. 5314, 5347

July 7, 1967                                      429 P.2d 831

*Robert E. Rose* and *F. DeArmond Sharp,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

---

[2]Cf. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966).

## OPINION

By the Court, COLLINS, J.:

Thomas Serrano was indicted by the grand jury of Washoe County for the murder of Barry Forget. Following return of the indictment, the grand jury subpoenaed additional witnesses in its investigation of the case, but returned no other indictments. The district court refused to admit Serrano to bail.

He sought habeas corpus, contending there was no probable cause to indict him. He demanded copies of the transcripts of the evidence before the grand jury. The trial court granted him a copy of the transcript of the hearing which resulted in his indictment and found there was probable cause to try him for murder. It refused his request for a copy of the transcript of the second hearing into the case conducted by the grand jury which produced no indictments.

Serrano also sought a writ of habeas corpus demanding release on bail. At this hearing, the trial court, over Serrano's objection, considered only the transcript of evidence presented

at the first grand jury hearing which resulted in his indictment, found there was evident proof or great presumption that appellant committed first degree murder and refused his release on bail.

Serrano appeals from both adverse rulings of the trial court on his application for habeas corpus. We find no merit to either appeal and sustain the orders of the trial judge.

On September 3, 1966 Barry Forget received a gunshot wound in a bar in Reno. The same day appellant was arrested, charged with the shooting and released on bail. Tracy E. Vincent was also arrested, charged as an accessory to the fact and released on bail. On September 14 Forget died and appellant was re-arrested, charged with murder and held without bail.

On September 30 the grand jury heard three witnesses and returned an indictment that day, charging Serrano with Forget's murder. Two other witnesses were subpoenaed but did not testify. On October 3 the grand jury resubpoenaed the latter two witnesses in the same case, heard their testimony, but returned no further indictments.

Serrano in testing probable cause by habeas corpus contended that he was entitled to copies of the grand jury transcripts for both September 30 and October 3. The trial judge ruled that the indictment was founded upon the September 30 transcript and gave appellant a copy. A dispute developed whether the grand jury hearing of October 3 was directed to other charges arising out of the same case or simply a device employed by the district attorney to discover testimony of other witnesses who might be favorable to appellant. The trial judge after an *in camera* inspection of the October 3 transcript denied appellant's request for a copy of it. The trial judge in his discretion also refused appellant's request for the transcript by way of discovery.

Serrano also sought to be admitted to bail. At that habeas corpus hearing the state offered only the grand jury transcript of September 30 and rested. Serrano objected to that evidence, contending he had a right to be confronted by the state's witnesses, to cross-examine them and that the transcript was hearsay evidence. The trial court denied his objections, considered the transcript, found there was evident proof or great presumption that appellant committed first degree murder and denied his application for bail.

On the writ of habeas corpus testing probable cause:

We said in Ivey v. State, 82 Nev. 448, 420 P.2d 853–854 (1966), "One has a right to be free from harrassment and restraint if probable cause for trial is not shown to exist. That

right necessarily carries with it the right to know what evidence was formally received by the grand jury and supplied the basis for its indictment."

The record in this case irrefutably shows the grand jury found and returned its indictment on the basis of the testimony taken September 30, 1966. Appellant received a copy of that transcript. The determination of probable cause for the indictment must stand or fall on that evidence alone. The trial court found that there was probable cause based upon the evidence in that transcript.

Appellant does not attack the probable cause sufficiency of the September 30 transcript, but contends the grand jury had no power to continue its investigation of appellant's case after returning its indictment or to lend its investigatory powers to the district attorney for discovery purposes. There is authority for such a contention, State v. Weagley, 228 S.W. 817 (Mo. 1921); In re National Window Glass Workers, 287 F. 219 (D.C.N.D. Ohio 1922); United States v. Pack, 150 F.Supp. 262 (D.C. Del. 1957); United States v. Dardi, 330 F.2d 316 (2 Cir., 1964), but the question is not properly before us in this appeal. The state has not yet attempted to use the testimony, and may not for all we know. Appellant has not sought to suppress the evidence, objected to it or prohibit its use. When that question is properly before us, we will then consider it.

On the writ of habeas corpus seeking admission to bail:

Confrontation of witnesses, with the accompanying right of cross-examination, is a federal constitutional right to be accorded at trial, Pointer v. Texas, 380 U.S. 400 (1965); Messmore v. Fogliani, 82 Nev. 153, 413 P.2d 306 (1966). We said in Ex parte Wheeler, 81 Nev. 495, 406 P.2d 713 (1965), "Some competent evidence tending to prove the commission of a capital offense must be offered before the accused's right to bail may be limited." We think the transcript of the testimony of witnesses given before the grand jury upon which the indictment was founded, may be offered for that purpose. By itself, it may or may not be sufficient to meet the constitutional (Nev. Const. Art. 1, § 7) and statutory (NRS 178.025) requirement that only where the "proof is evident or the presumption great" may bail be denied in a capital

case. Howard v. Sheriff, 83 Nev. 48, 422 P.2d 538 (1967). The burden is still on the state to show that the right to bail is limited rather than absolute. Ex parte Wheeler, supra, at page 499. The trial court has broad discretion in evaluating the amount of proof needed to defeat bail, and once the constitutional mandate of "evident proof or great presumption" is satisfied, may even receive other "information" unrelated to the guilt of the accused to aid the court in resolving the question of bail. Ex parte Wheeler, supra, at pages 500 and 501.

Nor do we feel the requirement of State v. Teeter, 65 Nev. 584, 609, 200 P.2d 657 (1948), that in passing on bail, "the right, or the absence of the right, to bail * * * should, of course, be determined, as any other important fact is determined, by sound evidential principles or rules, which means upon competent evidence complying with such rules of evidence as have general judicial sanction" is violated. The grand jury in returning an indictment, "can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence." NRS 172.260(2). In reviewing the grand jury transcript on the bail question, who is better able than the trial court to subject the testimony in the transcript to the rules of evidence? Trial judges are called upon daily to perform that duty. In Teeter, the trial judge erroneously admitted and relied upon hearsay, privileged testimony which would not have been lawful evidence before either a grand jury or a court. Moreover, in a habeas corpus attack on probable cause directed to a preliminary examination before a magistrate, the statute specifically authorizes a district judge to make his determination from the transcript of the evidence. NRS 171.405(9).[1] The analogy is pertinent.

Judgment affirmed.

ZENOFF, J., concurs.

THOMPSON, C. J., concurring:

While I agree with the opinion of Mr. Justice Collins I wish to add a further comment with respect to the October 3 grand jury hearing. The witnesses examined at that time were subpoenaed to testify in the case of State v. Serrano. The prosecution apparently wished to discover evidence material to the

---

[1] "9. Testimony reduced to writing and authenticated according to the provisions of this section must be filed by the examining magistrate with the clerk of the district court of his county, and in case the prisoner is subsequently examined upon a writ of habeas corpus, such testimony must be considered as given before such judge or court."

Serrano litigation. The procedure is not authorized. The case of State v. Serrano was then pending before the district court and was no longer grand jury business. The grand jury investigation of the Serrano case was terminated when it returned an indictment. Thereafter, proceedings in that case are to be conducted under court processes.

Though the grand jury has broad investigatory power [NRS 172.300; Dickerson v. Grand Jury, 82 Nev. 113, 412 P.2d 441 (1966)], that power vanishes when an indictment is returned. The entire statutory scheme points to this fact. For example, NRS 172.260 dealing with evidence receivable before the grand jury speaks in terms of the investigation of a charge *for the purpose of indictment.* This suggests that once an indictment is returned the grand jury's function in that case ceases. Of greater significance is NRS 178.250, which authorizes the issuance of subpoenas for witnesses to testify before the grand jury *upon any investigation pending before them;* and subsection 2 declares directly that if the subpoenas are issued *in support of an indictment* the witnesses are to appear before the court in which the case is to be tried. Indeed, once a criminal case is before the court, all statutory provisions for the attendance of witnesses require the witnesses to appear before the court and not before some other body. See: NRS 178.250(2); 178.275; 178.245; 178.290–320. Accordingly, the grand jury hearing of October 3 was not statutorily authorized, and the transcript of testimony of the witnesses who appeared on that date pursuant to invalid subpoenas is subject to a motion to suppress.