█     In the Matter of CHARLES J. HYNES, Respondent, v ROLAND LERNER, Appellant.—Order, Supreme Court, Bronx County, entered January 25, 1977, denying respondent-appellant's motion to quash a subpoena duces tecum, and ordering the said respondent to leave the subpoenaed books and records with the Grand Jury, unanimously affirmed, without costs and without disbursements. The subpoena in issue was in connection with the ongoing investigation of nursing homes. (See *Matter of Maison & Co. v Hynes,* 50 AD2d 13; *Matter of L & S Hosp. & Institutional Supplies Co. v Hynes,* 51 AD2d 515.) The respondent has been indicted on kickback charges and, among other things, contends that the purpose of the subpoena is to help the Special Prosecutor prepare for trial. However, the subpoena is directed toward other possible violations of the criminal law. As was recently stated by Mr. Justice Joseph Jaspan: "After a defendant has been indicted, a prosecutor may not use a Grand Jury for the purpose of securing additional information or freezing testimony in and of the prospective trial *(United States v Fisher,* 455 F2d 1101; *Matter of National Window Glass Workers,* 287 F 219) but a good faith inquiry into other charges within the scope of the prosecutor's authority is not prohibited even if it were to incidentally produce some additional evidence in the pending case. *(United States v Pack,* 150 F Supp 262; *United States v Dardi,* 330 F2d 316, cert den 379 US 845.)" *(People v Donaudy,* 87 Misc 2d 787, 792; see, also, *United*

*States v Sellaro,* 514 F2d 114, 121–122; *United States v George,* 444 F2d 310, 314.) More troublesome is the contention that there was error in ordering the subpoenaed material to be left with the Grand Jury. The subpoena covers the period January 1, 1970 to the date of the subpoena in October, 1976 for a nursing home in The Bronx. Presumably, an active operation would require the current books and records (as opposed to those of previous years) to be available for business purposes. At the oral argument, there was a representation made on behalf of the Special Prosecutor that the records subpoenaed and held by the Grand Jury would be available to the respondent-appellant during normal business hours. This might not be sufficient, and it may be that after the books and records have been before the Grand Jury for inspection (see *Hawthorne v Director of Internal Revenue,* 406 F Supp 1098), that copies should be made available by the Special Prosecutor to the respondent-appellant. (See *Matter of Queens Republican County Committee,* 49 AD2d 956; cf. *Matter of Windsor Park Nursing Home [Hynes],* 56 AD2d 872.) However, the Justice at Criminal Term is clothed with continuing jurisdiction in this ongoing proceeding to make whatever modification of the ruling is necessary to accommodate the parties. Concur— Kupferman, J. P., Silverman, Markewich and Lynch, JJ.