137 Nev., Advance Opinion 9

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ARTHUR LEE SEWALL, JR.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>DAVID BARKER,<br>Respondents,<br>   and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 81309<br><br><br>FILED<br><br>MAR 04 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus challenging a district court order denying a motion for release on reasonable bail.

*Petition granted.*

Law Office of Christopher R. Oram and Christopher R. Oram, Las Vegas; Joel M. Mann, Chtd., and Joel M. Mann, Las Vegas, for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan E. VanBoskerck and Alexander G. Chen, Chief Deputy District Attorneys, Clark County, for Real Party in Interest.

---

BEFORE HARDESTY, C.J., PARRAGUIRRE and CADISH, JJ.

## OPINION

By the Court, CADISH, J.:

The State charged petitioner Arthur Sewall, Jr., by indictment with first-degree murder with the use of a deadly weapon. Sewall

21-06308

successfully moved to suppress his confession and later sought release on reasonable bail. The district court denied bail, finding "that the proof [was] evident and the presumption great" that Sewall committed the charged crime. Sewall argues that the district court was required to grant his release on bail under Article 1, Section 7 of the Nevada Constitution, because the State, in opposing bail, failed to meet its burden to show with admissible evidence that he committed the elements of first-degree murder with the use of a deadly weapon.

We conclude that the evidence the State presented, which was essentially limited to Sewall's semen being found on the victim and his previous ownership of a firearm that *could* have fired the round detectives found at the crime scene, is insufficient to defeat Sewall's right to reasonable bail. This evidence does not tend to demonstrate that Sewall committed the elements of first-degree murder. District courts may not rely on conjecture and inferences in denying bail. We therefore grant the petition for a writ of mandamus.

*FACTS AND PROCEDURAL HISTORY*

In 1997, Las Vegas Metropolitan Police Department (LVMPD) detectives responded to the scene of an apparent murder. There, they found the victim lying in a pool of blood with a gunshot wound in the back of her head and abrasions on her forehead and nose. The detectives recovered a spent round on the floor, though they did not find a cartridge for the round. The medical examiner that performed the autopsy concluded that the cause of death was homicide. A crime scene analyst administered a sexual assault kit, finding semen in the victim's vagina and rectum and on the inside of her jeans. However, LVMPD was unable to solve the homicide, and the case went cold.

In 2017, LVMPD detectives received a notification that Sewall's DNA matched the DNA that the crime scene analyst found during the victim's autopsy. A ballistics examination determined that the spent round found at the scene was consistent with a .357, a .38, or a 9mm revolver. The ballistics examination also concluded that the round's rifling characteristics were consistent with, but not limited to, an INA, a Ruger, a Smith & Wesson, and a Taurus. LVMPD detectives interviewed Sewall, wherein he confessed to paying the victim for sex and related that his gun went off during the encounter and that he fled the scene afterwards. The State charged Sewall by indictment with first-degree murder with the use of a deadly weapon.

Sewall moved to suppress his confession based on a violation of his *Miranda* rights, which the district court granted and we affirmed. *State v. Sewall*, Docket No. 79437, at *1 (Order of Affirmance, Apr. 16, 2020). Thereafter, Sewall moved for a setting of reasonable bail on the basis that the State's proof was not evident, nor the presumption great, that he committed first-degree murder with the use of a deadly weapon. The State opposed, relying upon evidence that (1) Sewall claimed he did not know the victim; (2) LVMPD found Sewall's DNA in the victim's vagina, rectum, and on the inside of her jeans; (3) the victim was likely shot with a revolver because LVMPD did not find a cartridge casing at the murder scene; (4) the round that LVMPD found at the murder scene was consistent with a .357, a .38, or a 9mm revolver; and (5) Sewall owned a Ruger .357 revolver at the time of the alleged murder. After a hearing, the district court denied bail, finding that the proof was evident and the presumption great that Sewall

committed murder.[1]  Sewall now petitions this court for a writ of mandamus, challenging the constitutionality of the district court's bail order.[2]

## DISCUSSION

We elect to entertain Sewall's petition because he lacks an adequate legal remedy to challenge the district court's denial of bail and because Sewall's liberty interest is a fundamental right. *See Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 160-62, 460 P.3d 976, 983-84 (2020) (exercising discretion to entertain a petition for a writ of mandamus challenging, among other things, a district court's bail decisions).

*The presumption in favor of bail*

Article 1, Section 7 of the Nevada Constitution provides that criminal defendants have the right to bail prior to conviction.  However, this right is limited for defendants accused of "[c]apital [o]ffenses or murders punishable by life imprisonment without [the] possibility of parole when the proof is evident or the presumption great" that the defendant committed the charged crime.  Nev. Const. art. 1, § 7; *see also* NRS 178.484(4) (providing that "[a] person arrested for murder of the first degree may be admitted to bail unless the proof is evident or the presumption great" that the defendant

---

[1]The Honorable David Barker, Senior District Judge, presided over Sewall's bail hearing, but the Honorable Valerie Adair, District Judge, signed the order.

[2]We previously granted this writ petition in an unpublished order. *Sewall v. Eighth Judicial Dist. Court*, Docket No. 81309 (Order Granting Petition for Writ of Mandamus, Dec. 4, 2020).  Sewall filed a motion to reissue the order as an opinion, which we grant.  We issue this opinion in place of our previous order.  NRAP 36(f).

committed first-degree murder). "The burden rests with the state to supply that proof" by competent evidence. *Howard v. Sheriff*, 83 Nev. 48, 50, 422 P.2d 538, 539 (1967); *see In re Wheeler*, 81 Nev. 495, 500, 406 P.2d 713, 716 (1965) (observing that the State must offer "competent evidence tending to prove the commission of [the] offense . . . before the accused's right to bail may be limited"). "The quantum of proof necessary to establish the presumption of guilt" for purposes of defeating a bail request "is considerably greater than that required to establish the probable cause necessary to hold a person answerable for an offense," *Hanley v. State*, 85 Nev. 154, 161, 451 P.2d 852, 857 (1969), but less than what is required at trial to prove guilt beyond a reasonable doubt, *Wheeler*, 81 Nev. at 500, 406 P.2d at 716. A district court abuses its discretion when it arrives at the conclusion to deny bail "by stacking inference upon inference" and where the connection between the evidence and charged crime is conjectural. *Howard*, 83 Nev. at 51-52, 422 P.2d at 539-40.

*The State's evidence is insufficient to defeat the presumption in favor of bail*

We previously observed that it is not possible to formulate a bright-line rule for what constitutes sufficient evidence to defeat bail. *Wheeler*, 81 Nev. at 500, 406 P.2d at 716. Nevertheless, existing caselaw on bail determinations informs our analysis on this fact-specific inquiry, which must be reviewed on a case-by-case basis. *Id.*

In *In re Wheeler*, the State charged the defendant with murder. *Id.* at 497-98, 406 P.2d at 715. The defendant requested release on bail, which the district court denied. *Id.* at 498, 406 P.2d at 715. On appeal, we reviewed the State's evidence, which consisted of a dying declaration by the murder victim who told a responding police officer that the defendant shot him. *Id.* at 501, 406 P.2d at 716-17. Because there was an appropriate

foundation to admit the dying declaration, and because the declaration, if true, could support "a finding of the essential components of first degree murder," we held that the State presented sufficient evidence to defeat bail. *Id.* at 501-03, 406 P.2d at 717.

In *Howard v. Sheriff*, the State charged the defendant and her husband with murder. 83 Nev. at 50, 422 P.2d at 538. The defendant requested release on bail, which the district court denied. *Id.* at 50, 422 P.2d at 538-39. On appeal, we noted that the State offered only transcripts of the testimony given during the preliminary hearing, *id.* at 50, 422 P.2d at 539, the contents of which were as follows. A pathologist testified that the murder victim, a police officer, died from three gunshot wounds, which were not self-inflicted. *Id.* at 50-51, 422 P.2d at 539. The responding officer testified that he found the defendant's husband's driver's license on the hood of the police car. *Id.* at 51, 422 P.2d at 539. A taxi driver testified that he saw the defendant's husband speaking with the victim while the defendant was seated in a car stopped in front of the victim's police car. *Id.* A church organist testified that he saw a woman "scuffling with the" victim by two stopped cars on the same road and around the same time as the taxi driver, while a man ran up to grab either the victim or the woman, after which, the victim shoved the man. *Id.* However, the church organist did not identify the woman as the defendant or the man as the defendant's husband. *Id.* We held that the district court improperly denied bail because the evidence did not tend to show the elements of first-degree murder but instead showed only that the defendant scuffled with the victim around the time the victim was fatally shot. *Id.* Therefore, any "connection between [the scuffle] and the shooting [was] left wholly to conjecture." *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

6

In *Hanley v. State*, the State charged the defendant with murder. 85 Nev. at 155, 451 P.2d at 853. The defendant moved for bail, which the district court denied. *Id.* at 161, 451 P.2d at 857. The State proffered the following evidence during the preliminary hearing. A deputy sheriff testified that he found footprints from a single person going from the victim's home to a truck parked in the victim's yard and that the footprints around the truck suggested the person waited at that location for some time. *Id.* at 157, 451 P.2d at 854. Additionally, the deputy sheriff testified that he followed the footprints into the desert, where he found shotgun parts. *Id.* A witness who knew the defendant for several years testified that the shotgun parts belonged to the defendant. *Id.* The witness also testified that the defendant discussed hiring somebody to murder the victim with him. *Id.* at 157-59, 451 P.2d at 854-55. Recognizing that the State must offer more than a mere inference of guilt of some crime, we held that the State's proffered evidence was insufficient to defeat the defendant's motion for bail. *Id.* at 162, 451 P.2d at 857.

*The presumption was not great, nor was the proof evident, that Sewall committed first-degree murder*

Applying the analysis from those cases, we hold that the evidence the State presented here—that Sewall's semen was found on the victim and that a firearm owned by Sewall was one of several models that *could* have fired the round that LVMPD detectives found at the crime scene—is insufficient to defeat Sewall's right to reasonable bail under Article 1, Section 7 of the Nevada Constitution because it does not tend to demonstrate that Sewall committed the elements of first-degree murder.

The evidence clearly demonstrates that Sewall had sexual intercourse with the victim prior to her apparent murder. However, the State failed to present convincing evidence that tends to prove that a .357

Supreme Court
OF
Nevada

(O) 1947A

7

Ruger revolver *was* the murder weapon, much less that it was Sewall's .357 Ruger revolver. Furthermore, the State's proffered evidence does not tend to prove the elements of first-degree murder under a "willful, deliberate and premeditated killing" theory, NRS 200.030(1)(a), or under a felony-murder theory, NRS 200.030(1)(b). Therefore, we conclude that the district court's finding "that the proof [was] evident and the presumption great" that Sewall committed first-degree murder relies upon inference or conjecture rather than convincing evidence.

Sewall is awaiting trial and presumed to be innocent until found guilty. *Wheeler*, 81 Nev. at 499, 406 P.2d at 715. In our criminal justice system, "punishment should follow conviction, not precede it." *Id.* Accordingly, we hold that the district court's denial of Sewall's request for release on reasonable bail is contrary to the law, given the State's failure to rebut the presumption in favor of bail under Article 1, Section 7 of the Nevada Constitution.[3] *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (observing that a district court's decision constitutes an arbitrary or capricious exercise of discretion warranting mandamus relief where it is "contrary to the evidence or established rules of law") (internal quotation marks omitted). Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to grant Sewall's motion for release on reasonable bail in an amount and under conditions that the district court determines, after an adversarial hearing in accordance with *Valdez-Jimenez v. Eighth Judicial District Court*, 136 Nev. 155, 460 P.3d 976, are

---

[3]Because we are resolving Sewall's petition on these grounds, we decline to address his remaining arguments.

necessary to ensure Sewall's presence at trial and the safety of the community.[4]

_____, J.
Cadish

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____

[4]Because the clerk of this court issued the writ of mandamus upon entry of the original order granting the petition, the clerk of this court shall not reissue the writ.

SUPREME COURT
OF
NEVADA

(O) 1947A