# IN THE SUPREME COURT OF THE STATE OF NEVADA

AKSHAYA ANTHONY-DIXIT KUBIAK,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELLE LEAVITT, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 82282

FILED

JUL 0 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus challenging a district court order denying a request for release on reasonable bail.

On July 16, 2020, petitioner called 9-1-1 to report a female in cardiac arrest. The first responders arrived and noted that the victim had matted hair and blood surrounding her head, and her face was black, blue, and swollen. The victim was dead on the scene. Petitioner told one paramedic that the victim "attacked him and then he attacked her." He later told a fire captain, "I did this," and said that he would surrender to the police when they arrived.

During the investigation, Las Vegas Metropolitan Police Department (LVMPD) detectives observed blood inside the washing machine, a packed suitcase covered with candle wax, candle wax on the victim's hair and body, and two candle jars adjacent to the victim that had apparent blood on them. Detectives also found watered-down or diluted blood on the bathroom counter, which indicated an attempt to clean up the

crime scene, and psilocybin, also known as "mushrooms," in the refrigerator. Detectives observed one small laceration on petitioner's finger but no other visible injuries.

The victim's autopsy identified a waxy substance throughout her hair, evidence of blunt force trauma to her head and neck, an abrasion on the ear with a "burn-like quality," and contusions and lacerations on her face and neck. The pathologist noted that the victim had "extensive injuries to her mouth," including broken teeth, and some of the missing teeth were found in the victim's stomach. The pathologist also identified evidence of strangulation—hemorrhages within the neck muscles and a broken hyoid bone. A toxicology report determined that the victim's blood alcohol level was .038 and there was MDMA, also known as ecstasy, and psilocybin in her system. The autopsy concluded that the victim's cause of death was blunt force trauma with strangulation as a contributing factor.

The State charged petitioner via an indictment with one count of murder under a willful, deliberate, and premeditated theory. Petitioner filed a motion for bail, which the State opposed, arguing that the proof was evident and presumption great that petitioner committed first-degree murder. The district court, after a hearing, summarily denied petitioner's motion.[1]

We review a district court's bail determination for an abuse of discretion. *Sewall v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 9, 481 P.3d 1249, 1251-52 (2021) (observing that a petition for mandamus relief is an appropriate means to challenge a bail decision and that such decisions are reviewed for an abuse of discretion). Criminal defendants have the right

---

[1]The district court also denied petitioner's petition for a pretrial writ but that decision is not challenged here.

to bail prior to conviction unless the "proof is evident or the presumption great" that the defendant committed a "[c]apital [o]ffense[ ] or murder[ ] punishable by life imprisonment without [the] possibility of parole." Nev. Const. art. 1, § 7; *see also* NRS 178.484(4) (providing that "[a] person arrested for murder of the first degree may be admitted to bail unless the proof is evident or the presumption great" that the defendant committed first-degree murder). To defeat the constitutional presumption in favor of bail, the State must present admissible evidence showing that the defendant committed the elements of first-degree murder. *Sewall*, 137 Nev., Adv. Op. 9, 481 P.3d at 1251.

> The quantum of proof necessary to establish the presumption of guilt for purposes of defeating a bail request is considerably greater than that required to establish the probable cause necessary to hold a person answerable for an offense, but less than what is required at trial to prove guilt beyond a reasonable doubt.

*Id.* at 1251-52 (internal citations and quotation marks omitted). Murder perpetrated by a "willful, deliberate and premediated killing" is first-degree murder. NRS 200.030(1)(a). "Willfulness is the intent to kill," while "[d]eliberation is the process of determining upon a course of action to kill as a result of thought, including weighing the reasons for and against the action and considering the consequences of the action." *Byford v. State*, 116 Nev. 215, 236, 994 P.2d 700, 714 (2000). "A mere unconsidered and rash impulse is not deliberate, even though it includes the intent to kill." *Id.* "Premeditation is a design, a determination to kill, distinctly formed in the mind by the time of the killing." *Id.* at 237, 994 P.2d at 714.

Petitioner argues that the district court abused its discretion by denying his bail motion because the State presented insufficient evidence of first-degree murder. We disagree. The State presented evidence that

petitioner violently beat the victim; the victim's hyoid bone was broken, supporting the State's argument that petitioner strangled her; and that petitioner admitted to attacking the victim.

We have previously held that while "strangulation may not always evidence a premeditated and deliberate murder," it does "provide[ ] *some* evidence that *may* support an inference of premeditation and deliberation." *Leonard v. State*, 117 Nev. 53, 76, 17 P.3d 397, 411-12 (2001) (emphasis added) (holding that evidence of strangulation and other injuries to the victim and the absence of defensive injuries are factors a jury can rely on in concluding that the defendant committed a willful, deliberate, and premeditated killing). Given the State's proffered evidence, we hold that the district court acted within its discretion in concluding that the presumption was great or the proof evident that petitioner committed first-degree murder. *Compare In re Wheeler*, 81 Nev. 495, 501-02, 406 P.2d 713, 716-17 (1965) (holding that the dying declaration of a victim identifying the defendant as the person who shot him tended to prove first-degree murder), *and Serrano v. State*, 83 Nev. 324, 326-27, 429 P.2d 831, 833 (1967) (holding that the testimony of three witnesses to a fatal shooting contained within transcripts of a grand jury proceeding tended to prove first-degree murder), *with Howard v. Sheriff of Clark Cty.*, 83 Nev. 48, 50-51, 422 P.2d 538, 539-40 (1967) (holding that evidence placing the defendant with the victim prior to the victim's murder did not tend to prove first-degree murder), *and Hanley v. State*, 85 Nev. 154, 157-62, 451 P.2d 852, 854-57 (1969) (holding that evidence showing that the defendant desired to hire somebody to kill

the victim and that the defendant's shotgun was used to fatally shoot the victim did not tend to prove first-degree murder).[2]

Next, petitioner, relying on *Valdez-Jimenez v. Eighth Judicial District Court*, 136 Nev. 155, 166, 460 P.3d 976, 987 (2020), argues that the district court abused its discretion when it failed to make any findings of fact on the record or in its order denying bail. We disagree. Although in *Valdez-Jimenez* we held that the district court "must make findings of fact and state its reasons for the bail decision on the record," that case addressed "the situation where the court imposes bail in an amount that is beyond the defendant's ability to pay, resulting in the defendant remaining in jail before trial." 136 Nev. at 165-66, 460 P.3d at 986-87. It did not address a situation, like this one, where a district court denies bail because the State charged the defendant with first-degree murder and the district court concluded that the proof is evident or the presumption great that the defendant committed the crime, such that bail should be denied. *See id.* at 156, 460 P.3d at 980; Nev. Const. art. 1, § 7 (providing that "[a]ll persons shall be bailable by sufficient sureties; unless for [c]apital [o]ffenses or murders punishable by life imprisonment without possibility of parole when the proof is evident or presumption great"); NRS 178.484(1) (providing that

---

[2]Kubiak's argument that evidence of his intoxication precludes finding the requisite intent for first-degree murder is unpersuasive because the State need not prove its case against conflicting evidence at this point. *Wheeler*, 81 Nev. at 500, 406 P.2d at 716 (holding that "the initial task of the court [hearing a bail motion] is to examine the proof offered by the state and deduce therefrom whether the elements of a capital offense may exist"). Regardless, even if we consider the evidence of his intoxication—his statement to the 9-1-1 operator that he consumed mushrooms as well as the drugs found in the house—it does not defeat or outweigh the evidence of his deliberation and premeditation discussed *supra*.

"a person arrested for an offense *other than murder of the first degree* must be admitted to bail" (emphasis added)). Because the record supports the district court's finding that the proof was evident or presumption great that petitioner committed first-degree murder, it did not abuse its discretion when it denied bail.[3] We therefore conclude that petitioner failed to meet his burden of demonstrating that extraordinary writ relief is warranted.[4] *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Accordingly, we

ORDER the petition DENIED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

---

[3]While the record in this matter supports the district court's determination that the proof is evident or presumption great that petitioner committed first-degree murder, we remind the district court that statements regarding the factual bases for its decision aid our appellate review.

[4]Kubiak's remaining argument—that "[t]he COVID-19 pandemic provides additional support for Mr. Kubiak's release"—is unpersuasive. While he points out that experts have advised against incarcerating people who are not a public safety risk, the pandemic itself does not fit any statutory basis for bail, *see* NRS 178.484, nor does the statutory scheme allow for such a consideration when a court denies bail pursuant to NRS 178.484(4).

cc: Hon. Michelle Leavitt, District Judge
Hofland & Tomsheck
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A