ERNIE BANDICS, APPELLANT, v. SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENT.

No. 6284

November 2, 1970                              476 P.2d 7

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from denial of a pre-trial writ of habeas corpus. We affirm that order.

Appellant was indicted by the Clark County Grand Jury

following the testimony of Gerald Egelus, Las Vegas Police Department narcotics officer, that he had purchased narcotics from Mark Aguirre and Ernie Bandics.

Appellant was identified by the officer by name alone in his testimony before the grand jury. Appellant, in seeking habeas corpus in the court below, contended that method and degree of identification did not give probable cause to hold him, a person with that name, for trial. Appellant cites no authority supporting his contention. We have found none.

In testing an indictment, only probable cause of identity is required, not proof beyond a reasonable doubt. Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969). NRS 52.070(19) provides that there is a rebuttable presumption of identity of a person from the identity of the name. See also Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966). This coupled with the testimony of Officer Egelus and the permissible inferences that could be drawn from that testimony, see Miner v. Lamb, 86 Nev. 54, 464 P.2d 451 (1970), establishes probable cause to hold for trial an 18-year-old boy named Ernie Bandics. Appellant has not suggested he does not fit this description.

Affirmed.