CYDNEY JO BURTON, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9816

June 30, 1977                    565 P.2d 1010

*Oscar B. Goodman* and *William B. Terry,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## O P I N I O N

*Per Curiam:*

Cydney Jo Burton was indicted by the Clark County Grand Jury on a charge of grand larceny, a felony under NRS 205.-220. She then filed a pretrial petition for habeas corpus in the district court contending the indictment must be dismissed because (1) she was insufficiently identified in the grand jury proceedings and (2) some of the evidence presented to the grand jury was inadmissible. The district court denied habeas and, in this appeal, Burton raises the same contentions.

William Dunlap, the victim, testified before the grand jury that he met Joellen Ziska, Burton's codefendant, when she approached him in the bar of the Frontier Hotel, Las Vegas. After about an hour of drinking and talking, he said he was going to his room. Ziska asked if she could sleep on his couch and Dunlap acquiesced. After a short interval in Dunlap's room, Burton arrived, apparently summoned by Ziska by phone while Dunlap was out of the room. Soon the women asked Dunlap to order some cheeseburgers. The food arrived, they all ate, and immediately thereafter Dunlap became extremely drowsy. Suspecting that he had been drugged, he hid $2,300 cash in a jacket at the back of his closet. He further testified that Burton had offered him some maroon and grey pills during the course of events. Finally, he testified that he fell asleep, barely making it to his bed, and the last thing he remembered seeing that night was Burton going through the jackets in his closet. In the morning the money was gone.

1.   Burton's first argument is that there must be more than name identification to establish she is indeed the same Cydney Jo Burton discussed during the grand jury proceeding. This simply is not the law. In testing an indictment or information, only probable cause of identity is required. Bandics v. Sheriff, 86 Nev. 746, 476 P.2d 7 (1970); Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969). In fact, it has been held that identity of name is sufficient to prove identity of person in the absence of contradictory evidence. Bayless v. United States, 381 F.2d 67 (9th Cir. 1967).

2. Even if we accept Burton's conclusion that there was some inadmissable evidence before the grand jury we perceive no reversible error. There was ample unchallenged evidence to support the district judge's determination that there was probable cause to believe that Burton committed the charged offense. NRS 172.155. *See* Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

Affirmed.